11-2033
*Williams v. Fowler, et al. and County of Nassau, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of October, two thousand fourteen.

PRESENT:  CHESTER J. STRAUB,
          RICHARD C. WESLEY,
          DEBRA ANN LIVINGSTON,
                    *Circuit Judges.*

---

THOMAS A. WILLIAMS,

                    *Plaintiff-Appellant,*

-v.-                                        No. 11-2033

COUNTY OF NASSAU, THOMAS R. SUOZZI, in his individual and official capacity, NASSAU COUNTY CIVIL SERVICE COMMISSION, JOHN J. SENKO, JR., in his individual and official capacity, JAMES F. DEMOS, in his individual and official capacity, DAVID J. GUGERTY, in his individual and official capacity, ANTHONY M. CANCELLIERI, in his individual and official capacity, JOHN DONNELLY, in his individual and official capacity, CAROL KRAMER, in her individual and official capacity, PETER SYLVER, in his individual and official

capacity, BRUCE NYMAN, in his individual and official capacity, PATRICIA BOURNE, in her individual and official capacity,

*Defendants-Appellees,*

CHARLES W. FOWLER, in his individual and official capacity, ROBERT L. SCHOELLE, JR., in his individual and official capacity, MARGUERITE COSTELLO, in her individual and official capacity, NASSAU COUNTY OFFICE OF HOUSING AND INTERGOVERNMENTAL AFFAIRS,

*Defendants,*

ROBIN E. PELLEGRINI,

*Plaintiff.**

---

| | |
|---|---|
| For Appellant: | STEPHEN BERGSTEIN, Bergstein & Ullrich, LLP, Chester, NY (Law Office of Frederick K. Brewington, Hempstead, NY, *on the brief*). |
| For Appellees: | ROBERT VANDERWAAG, Deputy County Attorney (Dennis J. Saffran, *on the brief*), *for* John Ciampoli, County Attorney of Nassau County, Mineola, NY. |

Appeal from the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **AFFIRMED**.

Thomas A. Williams ("Williams") is the former Executive Director of the Civil Service Commission of Nassau County who alleges that he was fired in

---

* The Clerk of the Court is directed to amend the caption as above.

retaliation for his public comments before the Nassau County Legislature.

Pursuant to 42 U.S.C. § 1983, Williams brought suit alleging Defendants

terminated his employment in violation of the First Amendment. Williams

appeals from a Memorandum & Order dated March 30, 2011, granting

Defendants-Appellees' motion for reconsideration and thereby granting

summary judgment for Defendants-Appellees and dismissing Williams's

Complaint in its entirety. *See Williams v. County of Nassau*, 779 F. Supp. 2d 276

(E.D.N.Y. 2011). We assume the parties' familiarity with the underlying facts,

procedural history, and issues on appeal.

This court reviews de novo a district court's grant of summary judgment,

"construing the evidence in the light most favorable to the nonmoving party and

drawing all reasonable inferences in that party's favor." *Kuebel v. Black & Decker

Inc.*, 643 F.3d 352, 358 (2d Cir. 2011).

Because Williams spoke before the Nassau County Legislature not "as a

citizen on a matter of public concern," *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006),

but rather "pursuant to his official duties" as defined by this Court in *Weintraub

v. Board of Education*, 593 F.3d 196, 203 (2d Cir. 2010), we hold that Williams's

speech is not protected by the First Amendment and affirm the district court's

grant of summary judgment.

We have considered Williams's remaining arguments and find them to be

without merit.  For the reasons stated above, the judgment of the district court is

**AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk